UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

    CHANA TAUB,                                                        Chapter 11

                      Debtor.                          Case No. 08-44210-ess
----------------------------------------------------------------x
CHANA TAUB,

                      Plaintiff,

      -against-                              Adv. Pro. No. 09-1277-ess

TOMMY HERSHKOWITZ, ZVI DRESSLER,
CHAIM FUCHS, JOHN DOE, and JANE DOE,

                      Defendants.
----------------------------------------------------------------x

## MEMORANDUM DECISION ON MOTION TO ABSTAIN

Appearances:

Dennis Houdek, Esq.                             Jacob Silver, Esq.
305 Broadway (7th floor)                  26 Court Street (Suite 1201)
New York, NY 10007                          Brooklyn, NY 11242
 *Attorney for Chana Taub*                   *Attorney for Zvi Dresler and Chaim Fuchs*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Chapter 11 debtor in possession and landlord Chana Taub commenced this adversary proceeding against Tommy Hershkowitz, Zvi Dresler, and Chaim Fuchs, who are tenants in an apartment building in Brooklyn.  She alleges that the Defendants have not paid the rent and seeks an accounting, the payment of the unpaid rent, and if the rent is not paid, an order of eviction.  The Defendants deny that they are liable for any back rent, and assert counterclaims for relief including compensatory and punitive damages.

Before the Court is a motion by two of the defendants, Mr. Dresler and Mr. Fuchs, asking this Court to abstain from deciding the Debtor's claims pursuant to 28 U.S.C. §§ 157, 1334(c)(1), and 1334(c)(2), on grounds that they are fundamentally in the nature of claims arising under the New York Rent Stabilization Law of 1969 (the "Rent Stabilization Law"), and should be decided not by this Court, but by New York City Civil Court's Housing Part (the "Housing Court").[1]

This Abstention Motion calls upon the Court to decide whether it should take the unusual step of declining to decide a matter that is properly brought before it.  It requires consideration of the grounds for statutory permissive or mandatory abstention in the specialized context of New York's complex laws and procedures that govern residential landlord and tenant relations and the specialized state courts that hear such matters.  And it presents the question of whether deferring to a special proceeding in New York City's Housing Court to resolve disputes arising under the

---

[1] The third defendant, Mr. Hershkowitz, who is representing himself, has not joined in the Abstention Motion. Bankruptcy Code Section 105(a) permits this Court to raise, sua sponte, the question of whether to "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules . . . ." 11 U.S.C. § 105(a).  In the interests of sensible case administration this Court will, sua sponte, consider whether abstention is appropriate with respect to the Debtor's claims against Mr. Hershkowitz as well.

Rent Stabilization Law between tenants and a debtor landlord will help or harm the administration of a Chapter 11 estate.

Here, the Debtor-landlord complains of unpaid rent and seeks payment, an accounting, and eviction. The Defendants complain of hazardous and deplorable conditions, including vermin, broken locks, a leaky roof, and an obstructed fire escape, and seek repairs and punitive and treble damages.

The Court concludes that Housing Court is the more appropriate forum for resolving these disputes and that deferring to the Housing Court will help, not harm, the administration of this Chapter 11 estate, due to that court's expertise in the applicable law and procedures. That is, the grounds for permissive abstention – the interest of justice, interest of comity with state courts, and respect for state law – are met. As a result, it is not necessary to reach the question of whether mandatory abstention is appropriate. For these reasons, the Abstention Motion is granted.

## Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1), and over this Abstention Motion pursuant to 28 U.S.C. § 157(b)(3).

## Procedural History

### *The Debtor's Bankruptcy Case*

The Debtor commenced this Chapter 11 bankruptcy case on July 1, 2008, by filing a voluntary petition for relief. She continues to operate and manage her business and property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

### *The Adversary Proceeding*

The Debtor, as landlord, filed this adversary proceeding on June 4, 2009, seeking an order directing each of the Defendants, who are tenants at 1259 52nd Street, Brooklyn, New York (the "52nd Street Property"), to turn over the unpaid pre-petition rent or alternatively, to be subject to eviction. She also seeks an order directing each of the Defendants to provide an accounting of the pre-petition rent, to turn over the unpaid pre-petition rent, or alternatively, to turn over possession of the apartment.

Two of the Defendants, Mr. Dresler and Mr. Fuchs, filed an Answer to the Complaint and a Counterclaim on July 27, 2009. They deny the material allegations of the Complaint and assert several affirmative defenses, including that the Debtor is charging rent in an amount that violates the Rent Stabilization Law, and that the Debtor has not maintained the 52nd Street Property in accordance with the requirements of the New York City Housing Code and the warranty of habitability by failing to provide hot water or heat or to make necessary repairs. These Defendants also claim that the Debtor has charged rent in an amount that violates the Rent Stabilization Law and that she has done so intentionally and fraudulently. They seek injunctive relief, disgorgement of rent payments made, and treble damages.

The Debtor filed a Reply to the Counterclaim asserted by Mr. Dresler and Mr. Fuchs on August 24, 2009, in which she denies the material allegations of the Counterclaim and asserts several affirmative defenses.

The third Defendant, Mr. Hershkowitz, filed a Pro Se Answer and Counterclaims on August 26, 2009. Like the other defendants, he denies the material allegations of the Complaint and asserts several affirmative defenses, including that the Debtor has not maintained the 52nd Street Property in accordance with the requirements of the New York City Housing Code and the

warranty of habitability by failing adequately to maintain the apartment's shower and bath, toilet, walls, and ceiling. And Mr. Hershkowitz alleges that he has made rental payments to Simon Taub, the Debtor's estranged husband. Mr. Hershkowitz also asserts counterclaims against the Debtor, including that the Debtor has wilfully withheld services, resulting in an actual partial eviction and breach of the warranty of habitability, and that the Debtor's failure to maintain services amounts to gross negligence and wanton misconduct entitling him to a rent abatement, damages, and punitive damages.

The Debtor filed a Reply to the Counterclaims asserted by Mr. Hershkowitz on September 17, 2009, in which she denies the material allegations of the Counterclaims, asserts several affirmative defenses, and seeks judgment dismissing the Counterclaims with prejudice.

*The Abstention Motion*

Mr. Dresler and Mr. Fuchs filed this Motion for Abstention on July 27, 2009, and ask this Court to abstain from hearing the claims in this action.[2] The Defendants invite this Court to abstain on permissive or mandatory grounds pursuant to 28 U.S.C. §§1334 (c)(1) and (c)(2), because "the Adversary Proceeding [is] a Non-Core proceeding wholly seeking relief under New York State Law and pursuant to the [Rent Stabilization Law], for the payment of rents by the Defendants, or in the alternative for their eviction, as well as other related relief." Motion for Abstention ¶ 3. They argue:

> This proceeding involves serious health and safety risks to the defendants who reside at the premises. The defendants are requesting pursuant to New York State

---

[2] The Motion for Abstention is signed by Jacob Silver, Esq., as attorney for the moving defendants, but not sworn to or affirmed by Mr. Silver. At the hearing on the motion on September 8, 2009, Mr. Silver affirmed on the record that the matters of fact stated therein, and the attachments thereto, were true and accurate.

> Law, that the court order the plaintiff to ameliorate these dangerous conditions so that the premises can continue to be inhabited by the defendants. This in itself will require many applications to this court to obtain the compliance of the [Debtor] in correcting these dangerous conditions that have been ongoing.
>
> . . .
>
> Additionally, the defendants have defenses and have Counterclaims based upon their claims of being overcharged, pursuant to the [Rent Stabilization Law]. This Code in itself is extremely complicated, and [its] complexity has been cited by more than one court as a basis for exercising Discretional Abstention.

Motion for Abstention ¶¶ 5-6.

The Defendants also submit a Building Registration Summary Report for the 52nd Street Property drawn from the New York City Department of Housing Preservation and Development database that shows some 59 violations of various types at the premises. The listed violations include vermin; broken or defective plastered surfaces; problems with smoke and carbon monoxide detectors; accumulations of refuse and rubbish; broken locks, intercoms, and stairs; leaks in the roof; and an obstructed fire escape.

The Debtor filed an Affirmation in Opposition of Dennis Houdek, Esq., the Debtor's counsel (the "Pltf's Opp. Affirm."), and an Affirmation of the Debtor, on August 4, 2009. The Debtor argues that the Abstention Motion is marked by numerous procedural defects, and based on factual misstatements. She notes that the Defendants' unpaid rent is property of the estate under Bankruptcy Code Section 541, and that this Court plainly has jurisdiction to adjudicate disputes that concern estate property. The Debtor also observes that Bankruptcy Code Section 542 allows her to seek the turnover of estate property. And the Debtor argues that the claims asserted here are in the nature of a core proceeding, or at a minimum, within the Court's non-core, "related-to" jurisdiction. The Debtor also states that common law principles require courts

with jurisdiction to exercise that jurisdiction, and that mandatory abstention is not available with respect to a core proceeding.

The Court held a preliminary conference on the Abstention Motion on August 6, 2009, at which counsel for the Defendants, counsel for the Debtor, and the creditor Esther Newhouse appeared and were heard. The Court set a schedule for further briefing and on August 8, 2009, the Court entered an order permitting the Debtor to file supplemental opposition and the Defendants to file a supplemental reply, and setting a discovery deadline in the adversary proceeding of October 9, 2009. The parties did not file any further submissions.

This Court held a hearing on the Abstention Motion on September 8, 2009, at which counsel for the defendants Mr. Dresler and Mr. Fuchs, counsel for the Debtor, and the defendant Tommy Hershkowitz appeared and were heard. Based upon the entire record and consideration of the relevant factors, the arguments of counsel, and for the reasons stated below, the Abstention Motion is granted.

## **Discussion**

Abstention is the exception, not the norm, and reflects a break from a court's usual obligation to decide a controversy that is properly before it. *See County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959); *Eastern Airlines, Inc. v. Int'l Assoc. of Machinists & Aerospace Works (In re Ionosphere Clubs, Inc.)*, 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989). Where statutory abstention is warranted, it may be permissive or mandatory.

Permissive abstention is contemplated by 28 U.S.C. § 1334(c)(1):

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Mandatory abstention is required by 28 U.S.C. § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

*Permissive Abstention*

The Defendants ask this Court to exercise its discretion to abstain from deciding the Debtor's claims under the permissive abstention statute. Permissive abstention is available in a core or non-core proceeding and may be warranted "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . ." 28 U.S.C. § 1334(c)(1). That is, Congress contemplated that in the appropriate circumstances, a bankruptcy court may abstain even from deciding a case which states a claim that arises under the Bankruptcy Code.

In considering whether permissive abstention is appropriate, courts have "considered **one or more** (not necessarily all) of twelve factors . . . ." *Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 281 B.R. 182, 190 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003). As one court notes, "[a]lthough the bankruptcy court should consider all twelve factors, one should not be beguiled into a false sense that a head count will yield the answer with mathematical certainty." *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995). These factors are:

> "(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues

> predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties."

*In re Cody*, 281 B.R. at 190-91 (quoting *In re 610 W. 142nd Owners Corp.*, 1999 WL 294995, at *3 (S.D.N.Y. May 11, 1999)).[3]  *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003).

The Court will consider several relevant factors in turn.

<u>The Effect on the Efficient Administration of the Estate</u>

One relevant factor is the effect that abstention would have on the efficient administration of the Debtor's estate.  The parties agree that this factor is of great consequence, but disagree as to how it applies.

The Defendants argue that the issues presented in the Complaint and Counterclaims, including the amount of rent to be charged, whether there have been overcharges, and whether there are conditions present that jeopardize their health, safety, and welfare, arise under the Rent Stabilization Law, a statute that has been recognized as "complex" by federal courts in the context of abstention.  *See Nemsa Establishment, S.A. v. Viral Testing Sys. Corp.*, 1995 WL 489711, at *7 (S.D.N.Y Aug. 15, 1995); *Rednel Tower, Ltd. v. Riverside Nursing Home (In re*

---

[3] The ninth and eleventh factors are not relevant to this matter and are not discussed below.

*Riverside Nursing Home)*, 144 B.R. 951, 956 (S.D.N.Y. 1992). The Defendants urge that issues of this nature are routinely and efficiently addressed in Housing Court, and that the Debtor's bankruptcy estate would best be served by proceeding there.

The Debtor disagrees. She argues that the rental income from the 52nd Street Property is property of the estate and the "life blood" of her Chapter 11 case. As such, she states that all of the disputes concerning that rental income should be decided in a single forum – that is, this Court.

The New York State Unified Court System describes Housing Court as "one of the busiest courts in the world." *See* Housing Court Home Page, http://www.courts.state.ny.us/courts/nyc/housing/index.shtml. The Housing Court handles only residential landlord and tenant cases and each year, fifty judges appointed to serve in the Housing Court hear some 300,000 cases. *Id*. Housing Court judges are selected by an advisory council based in part on their "knowledge of federal, state and local housing laws and programs." N.Y. CITY CIV. CT. ACT § 110(f).

Matters in Housing Court are heard expeditiously, by summary proceeding. As a leading commentator notes, "[s]pecial parts of the Civil Court of the City of New York, known as the Housing Court, were established in 1974 to hear in a single forum all disputes involving housing. The Housing Court's stated mission was to improve the housing stock." ANDREW SCHERER, RESIDENTIAL LANDLORD TENANT LAW IN NEW YORK § 7.47 (2008). A prompt resolution of the dispute, by agreement or trial, is the goal of the process:

> [C]ases are randomly assigned to a Resolution Part upon the filing or answering of a petition, where a judge and two court attorneys are available to assist parties to reach a settlement. If a settlement cannot be reached and the Resolution Part Judge determines that the case is trial ready, the case is transferred to a Trial Part,

> where a trial is conducted expeditiously.

*Id.*

That is, the Housing Court, unlike the Bankruptcy Court, offers the parties a specialized and summary process promptly to address the issues that are raised by the Complaint and Counterclaims. That forum, unlike this one, has the ability to coordinate with New York City agencies to obtain information including "an inspection of the premises and [a] report . . . of the repairs that are required to be made." By contrast, the bankruptcy court does not have the processes or resources at hand to address these issues in a comparably expeditious manner.[4]

Courts recognize the special expertise of the Housing Court in addressing issues of the nature present here. For example, in *In re Riverside Nursing Home*, the court observed:

> Courts have generally indicated that state courts are better able to respond to actions primarily involving state law such as the instant eviction proceeding. Adjudication of the eviction proceeding requires the application of New York State's complex landlord and tenant law. Disputes arising under this body of law are most efficiently and appropriately determined by state courts.

*In re Riverside Nursing Home*, 144 B.R. at 956 (citations omitted). *See Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355 , 366 (S.D.N.Y. 2001) (declining to exercise pendant jurisdiction because "the remaining dispute is essentially a landlord-tenant matter that is more

---

[4] Indeed, other New York State courts routinely defer to the Housing Court in matters that concern landlord-tenant disputes. *See, e.g., 3054 Godwin Terrace Realty Co. v. Armstrong*, 190 A.D.2d 617, 617-18, 594 N.Y.S.2d 5, 5 (N.Y. App. Div. 1st Dep't 1993) (transferring case to Housing Court because "[a]lthough couched in terms of declaratory judgment, the action essentially seeks to evict rent stabilized tenants for violations of the City Health Code"); *Envoy Towers Tenants' Assoc. v. Envoy Towers Assocs.*, 10/25/2000 N.Y.L.J. 29, col. 3 (Sup. Ct. N.Y. Co. 2000) (declining to exercise jurisdiction over complaint seeking repairs as Housing Court was created to address and resolve such issues). *See also* ANDREW SCHERER, RESIDENTIAL LANDLORD TENANT LAW IN NEW YORK § 7:43 (2008) (New York Supreme Court usually declines jurisdiction (citing cases)).

appropriately resolved in state court"); *Woodner v. Eimicke*, 1990 WL 100909, at *4 (S.D.N.Y. July 13, 1990) (noting that "New York's Rent Stabilization Law is part of a unified regulatory scheme on a complex matter of significant interest to the state").

And this Court's abstention would not amount to abdication of any necessary role in the administration of this property of the Debtor's Chapter 11 estate. Rather, the Housing Court proceedings may fix the claims and obligations of the parties, which then may be administered in this Chapter 11 case.

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Extent to Which State Law Issues Predominate over Bankruptcy Issues</u>

A second relevant factor is the extent to which state law issues predominate over bankruptcy issues in the context of this adversary proceeding. Here, the claims asserted in the Complaint and Counterclaims are grounded in New York's Rent Stabilization Law, not the Bankruptcy Code, so that state law issues predominate over issues of bankruptcy law.

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Difficulty or Unsettled Nature of the Applicable State Law</u>

A third relevant factor is the difficulty or unsettled nature of the applicable state law, including the Rent Stabilization Law. As one court observed with reference to the eviction remedy, which is among the remedies sought here, "[a]djudication of the eviction proceeding requires the application of New York State's complex landlord and tenant law. Disputes arising under this body of law are most efficiently and appropriately determined by state courts." *In re Riverside Nursing Home*, 144 B.R. at 956. For the same reasons, when district courts may not call upon Section 1334's permission abstention provision, they have applied the more stringent

*Burford* abstention doctrine to New York landlord-tenant disputes. *See, e.g., Moos v. Wells*, 585 F. Supp. 1348, 1349-50 (S.D.N.Y. 1984) (applying *Burford* abstention to a dispute arising under landlord-tenant law, which "is characteristically complex and of peculiarly local concern") (quotation omitted); *Jaffe v. Clark*, 566 F. Supp. 1500, 1502 (S.D.N.Y. 1983) (applying *Burford* abstention to "a landlord-tenant dispute waged under the state's and the city's elaborate regulatory codes in which the defendants, the tenants, claim countless failures on the landlord's part to perform a landlord's statutory duties").

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Presence of a Related Proceeding Commenced in State Court or Other Non-Bankruptcy Court</u>

A fourth relevant factor is whether there is a related proceeding pending in state court or another non-bankruptcy forum. Here, while there is not presently pending an action between the Debtor and these three tenants, the Debtor has commenced proceedings in Housing Court since filing her Chapter 11 case, including proceedings against some of the Defendants. In addition, the Debtor and Mr. Dresler are presently parties to a proceeding in Housing Court arising out of the Debtor's recent eviction of Mr. Dresler.

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Jurisdictional Basis, If Any, Other than 28 U.S.C. § 1334</u>

A fifth relevant factor is the basis for federal jurisdiction, if any, other than 28 U.S.C. § 1334. Here, there is no basis for federal jurisdiction other than 28 U.S.C. § 1334.

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Degree of Relatedness or Remoteness of the Proceeding to the Main Bankruptcy Case</u>

A sixth relevant factor is the extent to which this action is related to or remote from the Debtor's main bankruptcy case. As the Debtor notes, the issues presented by the Complaint and Counterclaims arise out of the 52nd Street Property and the rental income generated by that property, and therefore concern property of the Debtor's bankruptcy estate. And the Debtor's ability to marshal assets of the estate is, as the Debtor argues, central to her prospects of a successful reorganization.

At the same time, if this Court abstains from determining the issues in the Complaint and Counterclaims and they are addressed in Housing Court, that court may fix the claims and obligations of the parties, which then may be administered in this Chapter 11 case, as estate property, claims, or administrative expenses, as the case may be.

Accordingly, the Court finds that this factor does not weigh significantly in favor of or against abstention.

<u>The Substance Rather than the Form of an Asserted "Core" Proceeding</u>

A seventh relevant factor is whether this action is, in substance as opposed to in form, a core proceeding. The Defendants argue that "[t]his Adversary Proceeding [is] a Non-Core Proceeding wholly seeking relief under New York State Law and pursuant to the New York Rent Stabilization Law of 1969, for the payment of rents by the Defendants, or in the alternative for their eviction, as well as other related relief." Motion for Abstention ¶ 3.

The Debtor responds that this matter is a core proceeding because "the Debtor's causes of action for rent against the defendants herein [are] an asset of the estate that may be exercised by the debtor-in-possession . . . ." Pltf's Opp. Affirm. ¶ 34.

Judiciary Code Section 157(b) defines the scope of the bankruptcy court's core jurisdiction. Core proceedings include those proceedings "arising under" the Bankruptcy Code, such as proceedings asserting rights created by the Bankruptcy Code, and those proceedings "arising in" a bankruptcy case, such as matters that would not arise outside the context of the bankruptcy case. *In re Nat'l Eastern Corp.*, 391 B.R. 663, 668-69 (Bankr. D. Conn. 2008).

This jurisdiction includes "matters concerning the administration of the estate;" "allowance . . . of claims against the estate . . . ;" and "orders to turn over property of the estate . . . ." 28 U.S.C. § 157(b)(2)(A), (B), (E). *See Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447-48 (2d Cir. 2005) (cases "arising under" or "arising in" Title 11 proceedings are "core proceedings" under 28 U.S.C. § 157(b)); *Geron v. Manshul Constr. Corp. (In re Manshul Constr. Corp.)*, 225 B.R. 41, 44 (Bankr. S.D.N.Y. 1998) ("'Arising in' and 'arising under' proceedings encompass the matters that are at the core of the jurisdiction of the bankruptcy courts, and depend upon the application or construction of bankruptcy law as expressed in Title 11.") (quotations omitted).

"Noncore matters are those 'related to' the debtor's bankruptcy case, [that is,] those whose outcome could conceivably affect the bankruptcy estate." *In re Nat'l Eastern Corp.*, 391 B.R. at 669. Whether a proceeding has a conceivable effect on a bankruptcy estate depends on whether "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 638 (S.D.N.Y. 1997) (citations omitted). And "[w]ith respect to non-core claims, unless the parties otherwise agree, the bankruptcy court can only recommend findings of fact and

conclusions of law to the district court." *U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. and Indem. Ass'n (In re U.S. Lines, Inc.)*, 197 F.3d 631, 636 (2d Cir. 1999).

"Core proceedings" touch on issues at the heart of federal bankruptcy power, such as "'the restructuring of debtor-creditor relations . . . .'" *In re U.S. Lines, Inc.*, 197 F.3d at 636 (quoting *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982)). Section 157(b)(2) contains a non-exclusive list of "core proceedings," including "matters concerning the administration of the estate" and "orders to turn over property of the estate . . . ." 11 U.S.C. §§ 157(b)(2)(A), (E).

At the same time, not every cause of action that affects the administration of the estate, claims, or property, is in substance, as opposed to in form, a core proceeding. Here, the issues presented by the Complaint and Counterclaims are more in the nature of a landlord-tenant dispute among the parties than a core bankruptcy proceeding.

The Debtor further argues that even if this action is not viewed as a core proceeding, this Court may proceed under its "related to" jurisdiction as set forth in 28 U.S.C. § 157(c)(1). Pltf's Opp. Affirm. ¶¶ 41-42. The Second Circuit has observed that where a debtor's action against a defendant cannot be shown to have any "significant connection" to the debtor's bankruptcy case, the action falls outside the scope of the court's "related to" jurisdiction. *Burneice Turner v. Kenneth Ermiger (In re Turner)*, 724 F.2d 338, 341 (2d Cir. 1983) (debtor's conversion action against her landlord lacked a "significant connection" and therefore was not "related to" her bankruptcy case). *See Publicker Indus., Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992) (either a "significant connection" to or a "conceivable effect" on the bankruptcy case would be sufficient to establish "related to" jurisdiction). Whatever

consequence this argument may have in the context of mandatory abstention, it does not weigh in the balance of whether this Court should exercise its discretion in favor of permissive abstention.

Here, the claims asserted in the Complaint and Counterclaims do not, in substance, "arise under" the Bankruptcy Code, or "arise in" this bankruptcy case. Rather, they have their roots in the Rent Stabilization Law, and could arise outside the context of this bankruptcy case. As such, while it may be possible to characterize this action as a core proceeding in form, it is not a core proceeding in substance.

Accordingly, the Court finds that this factor weighs in favor of abstention.

### The Feasibility of Severing State Law Claims from Core Bankruptcy Matters To Allow Judgments To Be Entered in State Court with Enforcement Left to the Bankruptcy Court

An eighth relevant factor is whether the state law claims asserted here may be severed from the core bankruptcy matters, so that judgment may be entered in state court with enforcement to be carried out in this forum. As discussed above, the Debtor's claims are grounded in the Rent Stabilization Law.

Abstention would allow the Housing Court to determine the Debtor's claims for unpaid pre-petition rent and eviction, and the Defendants' counterclaims for violations of the New York City Housing Code and the warranty of habitability – claims of a nature that the Housing Court hears and determines on a regular and expeditious basis. This Court would retain jurisdiction to administer any judgment against the Defendants as property of the estate, and to administer any judgment against the Debtor through the claims allowance process. Thus, it is feasible to allow the state law claims asserted here to be determined by the Housing Court, and to permit enforcement to proceed as appropriate in this Court.

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Likelihood that the Commencement of the Proceeding in a Bankruptcy Court Involves Forum Shopping by One of the Parties</u>

A ninth factor with some relevance is whether this action is the product of forum shopping. The Debtor has previously commenced actions in Housing Court, including during the pendency of her Chapter 11 case. The Debtor acknowledges that these actions were withdrawn in favor of bringing them in this Court. Thus, it appears that some consideration of forum shopping may have influenced the Debtor to bring this action here.

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Presence in the Proceeding of Non-Debtor Parties</u>

A tenth relevant factor is whether non-debtor parties are present in this proceeding. Here, all of the Defendants are non-debtor parties, and the Debtor is a party to at least one action presently pending in Housing Court.

Accordingly, the Court finds that this factor weighs in favor of abstention.

\*             \*             \*

For these reasons, and based on the entire record, the Court finds that the relevant factors weigh in favor of this Court's exercising its discretion to abstain from deciding the claims in this adversary proceeding.

*Mandatory Abstention*

The Defendants also ask this Court to abstain from deciding the claims here under the doctrine of mandatory abstention. As the Court has determined to exercise its discretion in favor of abstaining on permissive grounds, it is not necessary to decide whether the record supports mandatory abstention.

## **Conclusion**

For the reasons stated herein, and based on the entire record, the Court concludes that it will exercise its discretion to abstain from deciding these claims under the permissive abstention doctrine of 28 U.S.C. § 1334(c)(1).

An order in conformity with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
September 21, 2009

                                          *s/Elizabeth S. Stong*
                                          ELIZABETH S. STONG
                                          UNITED STATES BANKRUPTCY JUDGE