UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

      CHANA TAUB,                                  Chapter 11

                         Debtor.           Case No. 08-44210-ess
----------------------------------------------------------------x
CHANA TAUB,

                       Plaintiff,

     -against-                        Adv. Pro. No. 09-1277-ess

TOMMY HERSHKOWITZ, ZVI DRESSLER,
CHAIM FUCHS, JOHN DOE, and JANE DOE,

                     Defendants.
----------------------------------------------------------------x

**MEMORANDUM DECISION ON MOTIONS TO RECONSIDER
ORDER GRANTING ABSTENTION MOTION AND CONSENT ORDER**

Appearances:

Dennis Houdek, Esq.         Jacob Silver, Esq.                 Tommy Hershkowitz
305 Broadway (7th floor)   26 Court Street (Suite 1201)   1259 52nd Street #5
New York, NY 10007      Brooklyn, NY 11242        Brooklyn, NY 11219
  *Attorney for Plaintiff*     *Attorney for Defendants*      *Defendant*
    *Chana Taub*        *Zvi Dresler and Chaim Fuchs*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Chapter 11 debtor in possession and landlord Chana Taub commenced this adversary proceeding against three tenants in an apartment building in Brooklyn.  She alleges that they have not paid the rent and seeks an accounting, payment of the rent, and if the rent is not paid, an order of eviction.  The Defendants deny that they are liable for any back rent, and assert counterclaims for relief including compensatory and punitive damages.

By Memorandum Decision and Order dated September 21, 2009, this Court abstained from deciding these claims on grounds that they are fundamentally in the nature of claims arising under the New York Rent Stabilization Law of 1969 (the "Rent Stabilization Law"), and should be decided by New York City Civil Court's Housing Part (the "Housing Court").  *Taub v. Hershkowitz (In re Taub)*, ___ B.R. ___, 2009 WL 3055233 (Bankr. E.D.N.Y. 2009) (the "Abstention Decision").

Chana Taub now asks this Court to reconsider the Abstention Decision as well as an Order entered on consent on August 26, 2009 (the "Consent Order"), under Federal Rules of Civil Procedure 59 and 60, on grounds that the Abstention Decision is wrongly decided and that she did not, in fact, consent to the relief in the Consent Order.

These motions call upon the Court to consider whether the matters decided in the Abstention Decision and Consent Order should be revisited and resolved differently.  And the Debtor's motion to reconsider the Consent Order requires the Court additionally to consider whether an attorney's agreement on behalf of a client, made on the record of a court hearing, should be dislodged because the client wishes to disavow the agreement as unauthorized.

Motions to reconsider should be the exception, not the rule, and successful motions to reconsider are rarer still. The yardstick against which such relief is measured is an exacting one, the burden faced by a movant is high, and the grounds for such relief are narrow indeed, because reconsideration is at odds with the principle of finality and "the just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANKR. P. 1001. Relief that depends on overturning an agreement made by counsel on the record of a court hearing is similarly disfavored because courts and parties must be able to rely on the representations of counsel in order to protect the integrity of the judicial process.

For the reasons set forth below, the Debtor's motions to reconsider are denied.

## Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1), and over these motions to reconsider pursuant to 28 U.S.C. § 157(b)(3).

## Procedural History

### *The Debtor's Bankruptcy Case*

The Debtor commenced this Chapter 11 bankruptcy case on July 1, 2008, by filing a voluntary petition for relief. She continues to operate and manage her business and property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

### *The Adversary Proceeding*

The Debtor, as landlord, filed this adversary proceeding on June 4, 2009, seeking an order directing Tommy Hershkowitz, Zvi Dresler, and Chaim Fuchs, tenants at 1259 52nd Street, Brooklyn, New York (the "52nd Street Property"), to turn over the unpaid pre-petition rent or

alternatively, to be subject to eviction.  She also seeks an order directing each of the Defendants to provide an accounting of the pre-petition rent, to turn over the unpaid pre-petition rent, or alternatively, to turn over possession of the apartment.

Mr. Dresler and Mr. Fuchs filed an Answer to the Complaint and a Counterclaim on July 27, 2009.  They deny the material allegations of the Complaint and assert several affirmative defenses, and that the Debtor has not maintained the 52nd Street Property in accordance with the requirements of the New York City Housing Maintenance Code and the warranty of habitability by failing to provide hot water or heat or to make necessary repairs.  They also claim that the Debtor has intentionally and fraudulently charged excessive rent.  They seek injunctive relief, disgorgement of rent payments made, and treble damages.

The Debtor filed a Reply to the Counterclaim asserted by Mr. Dresler and Mr. Fuchs on August 24, 2009, in which she denies the material allegations of the Counterclaim and asserts several affirmative defenses.

The third Defendant, Mr. Hershkowitz, filed a Pro Se Answer and Counterclaims on August 26, 2009.  Like the other defendants, he denies the material allegations of the Complaint and asserts several affirmative defenses, including that the Debtor has not maintained the 52nd Street Property in accordance with the requirements of the New York City Housing Maintenance Code and the warranty of habitability by failing adequately to maintain the apartment's shower and bath, toilet, walls, and ceiling.  And Mr. Hershkowitz alleges that he has made rental payments to Simon Taub, the Debtor's estranged husband.  Mr. Hershkowitz also asserts counterclaims against the Debtor, including that the Debtor has willfully withheld services, resulting in an actual partial eviction and breach of the warranty of habitability, and that the

Debtor's failure to maintain services amounts to gross negligence and wanton misconduct entitling him to a rent abatement, damages, and punitive damages.

The Debtor filed a Reply to the Counterclaims asserted by Mr. Hershkowitz on September 17, 2009, in which she denies the material allegations of the Counterclaims, asserts several affirmative defenses, and seeks judgment dismissing the Counterclaims with prejudice.

*The Abstention Motion*

Mr. Dresler and Mr. Fuchs filed the Motion for Abstention on July 27, 2009 (the "Abstention Motion"), asking this Court to abstain from hearing the claims in this action on permissive or mandatory grounds pursuant to 28 U.S.C. §§ 1334 (c)(1) and (c)(2), because "the Adversary Proceeding [is] a Non-Core proceeding wholly seeking relief under New York State Law and pursuant to the [Rent Stabilization Law], for the payment of rents by the Defendants, or in the alternative for their eviction, as well as other related relief." Abstention Motion ¶ 3.[1]

The Debtor opposed the Abstention Motion, arguing that it was marked by numerous procedural defects and based on factual misstatements. She noted that the Defendants' unpaid rent is property of the estate under Bankruptcy Code Section 541, and that this Court has jurisdiction to adjudicate disputes that concern estate property. The Debtor also observed that Bankruptcy Code Section 542 allows her to seek the turnover of estate property. And the Debtor argued that the claims asserted here are in the nature of a core proceeding, or at a minimum, within the Court's non-core, "related-to" jurisdiction. The Debtor also stated that common law

---

[1] Mr. Hershkowitz, who is representing himself, did not join in the Abstention Motion. Bankruptcy Code Section 105(a) permits this Court to "[take] any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules . . . ." 11 U.S.C. § 105(a). In the interests of sensible case administration, this Court considered whether abstention was appropriate with respect to the claims against Mr. Hershkowitz and concluded that abstention was appropriate.

principles require courts with jurisdiction to exercise that jurisdiction, and that mandatory abstention is not available with respect to a core proceeding.

The Court held a preliminary conference on the Abstention Motion on August 6, 2009, at which counsel for the Defendants, counsel for the Debtor, and the creditor Esther Newhouse appeared and were heard. The Court set a schedule for discovery and further briefing, but the parties did not file any further submissions.

The Court held a hearing on the Abstention Motion on September 8, 2009, at which counsel for the defendants Mr. Dresler and Mr. Fuchs, counsel for the Debtor, and the defendant Tommy Hershkowitz appeared and were heard. As noted above, by Memorandum Decision and Order entered on September 21, 2009, the Abstention Motion was granted.

*The Order to Show Cause*

After the Abstention Motion was filed but before it was heard, on August 18, 2009, Mr. Dresler, by counsel, brought an application for an order to show cause seeking emergency relief in response to his alleged illegal eviction from Apartment #2 at the 52nd Street Property (the "OSC"). Mr. Dresler asserted that on August 15, 2009, the Debtor changed the locks to that apartment and rented it to a new tenant, without removing his possessions from the unit. The Order to Show Cause requested an immediate hearing to determine why an order should not be issued:

A.   Ordering the Debtor to allow the defendant Zvi Dresler and his family occupancy to his apartment.

B.   Ordering "John Doe & Jane Doe", the current occupants of 1259 52nd Street Apartment. #2 Brooklyn, NY 11219 to Vacate said premises.

C.   Ordering the United States Marshals Service, or another Federal, State, or City Officer to break, remove and change the locks on Apartment #2 of the premises and to physically evict and remove "John Doe & Jane Doe"

5

being the current occupants of 1259 52nd Street Apt. #2 Brooklyn, NY
11219, from the premises.

D.    Ordering the debtor to turn over the belongings of the defendant and his
family, and provide an accounting as to the location and condition of said
belongings.

E.    Ordering the debtor to pay damages to the defendant, as well as Treble
damages as authorized by state law.

F.    Ordering that the request for Abstention, and for Relief from the
Automatic Stay be Granted.

OSC at 1-2.

The Debtor opposed Mr. Dresler's application for an order to show cause by affirmations

of the Debtor and Dennis Houdek, Esq., the Debtor's counsel, filed on August 24, 2009.  As with

the Abstention Motion, the Debtor argued that the application for an order to show cause had

many procedural defects.  She also challenged the legitimacy of Mr. Dresler's claimed tenancy,

disputed the relevance of New York Real Property Actions and Proceeding Law § 853, and

argued that this adversary proceeding is a core proceeding.

The Court held a hearing on the application for an order to show cause on August 26,

2009, at which counsel for the Defendants, the pro se defendant Hershkowitz, and the Debtor

appeared in person, and counsel for the Debtor appeared telephonically from out of state as the

result of a family health issue.  Mr. Dresler, by counsel, and the Debtor, by counsel, agreed on

the record of the hearing to the entry of an order on consent permitting the parties to have the

claims for relief in Items A through E decided in state court.[2]  The Debtor, who was present for

_____

[2]  At the hearing, the Debtor's counsel stated "I think the turnover should be heard in state court.
His claim of unlawful eviction I have no problem with that being in state court . . . I mean, it has
already been heard in state court and he lost . . . ."  Aug. 26, 2009, Hearing Tr. at 39-40.  Later in
the hearing, the following exchange occurred:

THE COURT:        Can the parties stipulate to proceeding in the state court on th[e
claim of illegal eviction]?

. . .

6

all of the hearing, voiced no objection.[3]  That same day, the Court entered the Consent Order as a text order on the docket permitting the agreed-upon relief.  The Court also denied without prejudice the requests to abstain and for relief from the automatic stay, as those requests were duplicative of the relief sought in the Abstention Motion.

*The Motions to Reconsider*

On September 8, 2009, the Debtor moved for reconsideration of the Consent Order pursuant to Federal Rule of Civil Procedure 60(b)(6) (the "Motion to Reconsider Consent Order").  On September 29, 2009, the Debtor filed a supplemental brief in support of the Motion to Reconsider Consent Order.  And on October 1, 2009, the Debtor moved for reconsideration of the Abstention Decision under Federal Rules of Civil Procedure 59(e) and 60(b)(6) (the "Motion to Reconsider Abstention Decision").  In each motion, the Debtor argues that her request for relief is timely, and that the applicable rules permit relief where the interests of justice so require.

The Court heard argument on these motions on October 27, 2009, at which the Debtor, by counsel, Mr. Dresler and Mr. Fuchs, by counsel, and Mr. Hershkowitz appeared and were heard.  The parties agree that if the Court's determination to abstain from deciding the issues in

---

|  |  |
|---|---|
| THE COURT: | [Items] A through E on consent to be heard by the state court. |
| MR. SILVER: | That's fine. |
| THE COURT: | Mr. Houdek? |
| MR. HOUDEK: | Fine. |
| THE COURT: | Mr. Houdek? |
| MR. HOUDEK: | Yeah. |

Aug. 26, 2009, Hearing Tr. at 46, 50.

[3]  At other times, the Debtor participated in the hearing without prompting.  *See, e.g.,* Aug. 26, 2009, Hearing Tr. at 43-44, 45, 48, 52, 57.

7

this adversary proceeding, as reflected in the Abstention Decision, remains in place, then the issues raised by the Motion to Reconsider Consent Order are moot. *See* Oct. 27, 2009, Hearing Tr. at 19, 29, 31, 42.

## Discussion

The Debtor disagrees with the Abstention Decision and asks this Court to reconsider and to retain jurisdiction over the claims asserted in this adversary proceeding, rather than to permit them to be decided in Housing Court. To this end, she invokes Federal Rules of Civil Procedure 59 and 60, made applicable here by Federal Rules of Bankruptcy Procedure 9023 and 9024 respectively. The Debtor also argues that the Consent Order should be reconsidered under Rule 60 because, despite her counsel's plain statement that she consented to the terms of that order, she did not and does not consent to having matters related to the occupancy of Apartment #2 at the 52nd Street Property determined in Housing Court.

### *Federal Rule of Civil Procedure 59*

Federal Rule of Civil Procedure 59 permits a party to request a new trial or to seek to alter or amend a judgment. It recognizes the notion that mistakes happen and that important matters, including controlling law or fact, may be overlooked. Such relief necessarily erodes the principle of finality, and for this and other reasons, the standard for relief on a motion to reconsider "is strict, and reconsideration will generally be denied . . . ." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). *See Herschaft v. New York City Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001). Relief under Rule 59 must be sought "no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(e). *See Banco Cent. del Para. v. Para. Humanitarian Found.*, 2007 WL 2493684, at *2 (S.D.N.Y. Sept. 5, 2007) ("Rule 59(e) should be

narrowly construed and strictly applied so as to avoid repetitive arguments or issues that have been considered fully by the Court") (internal quotations omitted).

Reconsideration is an "'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *In re Health Mgmt. Sys. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc., v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)).  As the Second Circuit has observed, "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted). *See Official Comm. of Unsecured Creditors of Enron Corp. v. Martin (In re Enron Creditors Recovery Corp.)*, 378 B.R. 54, 56-57 (Bankr. S.D.N.Y. 2007).  To succeed on a motion to reconsider, "the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Banco Cent. del Para.*, 2007 WL 2493684, at *2 (internal quotations omitted).

A Rule 59 motion "is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion." *Kapsis v. Brandveen*, 2009 WL 2950245, at *1 (E.D.N.Y. Sept. 9, 2009). *See Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) ("The purpose of the rule is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (internal quotations omitted); *Wallace v. Brown*, 485 F. Supp. 77, 78 (S.D.N.Y. 1979) (denying Rule 59 motion where defendants sought to "relitigate factual

9

findings and present new legal theories based on evidence readily available, though not used, at trial").

### *Federal Rule of Civil Procedure 60(b)*

Federal Rule of Civil Procedure 60(b) lists six grounds for relief from a judgment or order.  These are:

(1)     mistake, inadvertence, surprise, or excusable neglect;
(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)     any other reason that justifies relief.

FED. R. CIV. P. 60(b).

As the Second Circuit has found, "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  And requests for such relief "'are addressed to the sound discretion of the . . . court . . . .'"  *In re Waugh*, 367 B.R. 361, 367 (Bankr. E.D.N.Y. 2007) (quoting *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd*, 501 U.S. 115 (1991)).

Rule 60(b)(6) may provide a basis for reconsideration "when the asserted grounds for relief are not recognized in clauses (1) - (5) of the Rule.  [Thus,] grounds for relief may not be mistake, inadvertence, surprise or excusable neglect."  *Nemaizer,* 793 F.2d at 63 (internal citation omitted).  Moreover, "it is clear that Rule 60(b)(6) is 'properly invoked only when there are extraordinary circumstances justifying relief' or 'when the judgment may work an extreme and undue hardship,' and that motions under Rule 60(b) are disfavored."  *Simone v. Prudential*

*Ins. Co. of Am.*, 164 F. App'x 39, 40 (2d Cir. 2006) (quoting *Pichardo v. Ashcroft*, 374 F.3d 46,

55 (2d Cir. 2004)).

On a motion under Rule 60(b)(6), "[t]he burden of proof is on the party seeking relief

from judgment . . . ."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

The evidence presented in support of a motion under Rule 60(b)(6) must be "highly convincing."

*Boehner v. Heise*, 2009 WL 1360975, at *5 (E.D.N.Y. May 14, 2009).  And in resolving

motions for relief under Rule 60(b)(6), "courts should 'strike[] a balance between serving the

ends of justice and preserving the finality of judgments.'"  *Tyger v. Air Line Pilots Ass'n, Int'l*,

2008 WL 3852236, at *2 (E.D.N.Y. Aug. 16, 2008) (quoting *Nemaizer*, 793 F.2d at 61).

Perhaps unsurprisingly, courts have found that Rule 60(b)(6) is "*very* rarely" used to

grant relief for alleged attorney failure.  *Tyger*, 2008 WL 3852236, at *3.  To be "'extraordinary

circumstances' for the purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and

profound that they amount to an abandonment of the client's case altogether, either through

physical disappearance, or constructive disappearance."  *Harris v. United States*, 367 F.3d 74, 81

(2d Cir. 2004) (internal citations omitted).

*Timeliness of the Motions to Reconsider*

Timeliness is a threshold issue under both Rules 59(e) and 60(b).  A motion under Rule

59 must be brought within ten days, and this requirement is absolute.  *See* 10 COLLIER ON

BANKRUPTCY ¶ 9023.02 (15th ed. rev. 2007) (citing *Schwab v. J.R. Trucking & Rigging, Inc. (In*

*re Old Summit Mfg., LLC)*, 324 B.R. 557, 559 (Bankr. M.D. Pa. 2005) ("The time limit for filing

a motion for reconsideration is not within the discretion of the Court.  These motions must be

filed within ten (10) days of the entry of a judgment.")).  A motion under Rule 60(b) "must be

made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).  Where a post-judgment motion is timely filed for the purposes of Rule 59(e), but relies only upon Rule 60(b), the motion may be treated as one under Rule 59(e).  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982) ("Notwithstanding a plaintiff's own reliance on Rule 60(b), where a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.'") (quoting *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978)).

The Debtor filed the Motion to Reconsider Consent Order and Motion to Reconsider Abstention Decision within the ten-day period set forth in Rule 59(e).  As a result, these motions are timely and may be considered under both Rule 59(e) and Rule 60(b).  *Lyell Theatre Corp.*, 682 F.2d at 41.  *See In re Enron Corp.*, 352 B.R. 363, 367-68 (Bankr. S.D.N.Y. 2006) (observing that "all motions for reconsideration are . . . substantively analyzed as if they were either Civ. Rule 59 or Civ. Rule 60 motions").

## *The Motion to Reconsider Consent Order*

The Debtor argues that the Consent Order should be reconsidered and rejected because "[m]y attorney mistakenly consented [to the Consent Order terms] because he was unable to consult with me and he was unaware of the severe prejudice and irreparable injury this consent could cause me . . . ."  Motion to Reconsider Consent Order ¶ 1.  She argues that this Court, not Housing Court, should decide how much rent is owed because this Court is overseeing the administration of her bankruptcy estate, including her income and expenses, so that fragmenting these aspects of her case will cause irrevocable harm.  The Debtor also argues that her estranged

husband, Simon Taub, has successfully manipulated the state courts for several years to her detriment, and will continue to do so if her disputes with these tenants are heard there.

The Debtor also argues that this Court should reconsider its decision because she has the right to rent the apartment at issue, and notes that Mr. Dresler does not have a lawful claim to occupancy because "he never got a lease from the [Debtor] and never paid any rent, and he used it illegally [as a bed and breakfast]."  Debtor's Reply Affirm. in Support of Motion to Reconsider Consent Order ¶¶ 2, 6.  The Debtor asserts that she will make necessary repairs at the 52nd Street Property as soon as the tenants provide a description of the repairs and access dates.

The Debtor notes that Rule 60(b)(6) has been described as a "catch-all" provision that may provide relief for an unsuccessful litigant where required by the interests of justice.  She acknowledges that as the moving party, she bears the burden of proof.  And the Debtor argues that the Motion to Reconsider Consent Order was timely filed within both the ten-day period required by Rule 59(e) and the "reasonable time" contemplated by Rule 60(c).

Finally, the Debtor argues that because her counsel participated by telephone in the August 26 hearing, he was "unaware that [his] consent was contrary to [the Debtor's] wishes," and that the consent "was a nullity" because as counsel, he is obliged to abide by the wishes of his client.  Debtor's Suppl. Br. in Support of Motion to Reconsider Consent Order at 5-6.  She urges that the Order to Show Cause is procedurally defective and reiterates that the Defendants' counterclaims are without merit because Mr. Dresler has no legal right to occupy Apartment #2 at the 52nd Street Property.

Mr. Dresler opposes reconsideration and notes the emergency nature of the relief requested, recites statements made by the Debtor's counsel during the August 26 hearing that

evidenced his consent to the issues being heard in state court, and argues that "[t]he debtor's motion notably fails to state the nature of the mistake allegedly made by [counsel], or why the debtor failed to object in court to the settlement while she was in the court." Silver Aff. in Opp. to Motion to Reconsider ¶ 8. Mr. Dresler also argues that the Debtor benefitted from the Consent Order because additional time passed while the parties proceeded in Housing Court. Oct. 27, 2009, Hearing Tr. at 39-40 ("[T]he debtor gained [] something because we didn't hold an immediate hearing here. My client had to file papers in landlord/tenant court.").

The Debtor has not identified an intervening change in the controlling law or the availability of new evidence, as required for relief under Rule 59(e). Nor has the Debtor established that the Consent Order reflects a clear error requiring reversal in order to prevent manifest injustice. *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Instead, the Debtor asserts that, despite her counsel's statements on the record and her own silence during the hearing on the matter, she did not *in fact* consent to the relief reflected in the Consent Order, so that her "consent was a nullity and [the Consent Order] must be vacated." Debtor's Suppl. Br. in Support of Motion to Reconsider Consent Order at 6.

The Debtor's argument misapprehends the role of counsel and the weight assigned to statements by counsel on the record of a court proceeding. It is axiomatic that an attorney of record has authority to represent the person for whom he or she appears, and is presumed to be authorized to take actions necessary to conduct the litigation. *See, e.g., Anderson v. Flexel, Inc*., 47 F.3d 243, 249 (7th Cir. 1995); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments.*, 959 F.2d 170, 175 (10th Cir. 1992); *Terrain Enterprises, Inc. v. Western Cas. & Sur. Co.*, 774 F.2d 1320, 1322

(5th Cir. 1985); *Graves v. United States Coast Guard*, 692 F.2d 71, 74 (9th Cir. 1982);

*Communist Party, U.S.A. v. Comm. of Internal Revenue*, 332 F.2d 325, 327-38 (D.C. Cir. 1964).

When challenging an act undertaken by an attorney of record with actual or apparent

authority, the client bears the burden of proof to produce evidence that the attorney's act was not

authorized.  As the Second Circuit has held, this burden is "not insubstantial."  *United States v.*

*Int'l Bhd of Teamsters*, 986 F.2d 15, 20 (2d Cir. 1993).  *See In re Kollel Mateh Efraim, LLC,* 334

B.R. 554, 559 (Bankr. S.D.N.Y. 2005).  The relationship of the Debtor to her counsel is that of

principal to agent, and "[a]ttorneys are . . . presumed to act with authority from – and as agents

of – their clients."  *In re Crawford*, 388 B.R. 506, 519 (Bankr. S.D.N.Y. 2008).  "Any other

notion would be wholly inconsistent with our system of representative litigation, in which each

party is deemed bound by the acts of his lawyer-agent . . . ."  *Link v. Wabash R. Co.*, 370 U.S.

626, 634 (1962).

In addition, courts consistently hold that "[p]arties are bound to the terms of their

agreement made on the record."  *Nisselson v. Empyrean Inv. Fund, L.P. (In re MarketXT*

*Holdings Corp.)*, 336 B.R. 39, 58 (S.D.N.Y. 2006).  This is no less true when the agreement is

entered into by counsel.  As courts have found, "parties are bound to agreements entered into on

the record in open court by an attorney who has actual or apparent authority to so act."  *In re*

*MarketXT Holdings Corp.*, 336 B.R. at 58-59 (citing *Pereira v. Sonia Holdings, Ltd. (In re Artha*

*Mgmt.)*, 91 F.3d 326, 329 (2d Cir. 1996)).  *See In re Cuffee*, 232 B.R. 53, 56 (E.D.N.Y. 1999)

("An agreement made on the record, in open court, and under the eyes of the Court, is a most

solemn undertaking requiring the lawyers and the parties to make every reasonable effort to

carry out all the terms to a successful conclusion.") (internal quotations omitted), *aff'd*, 201 F.3d

15

430 (2d Cir. 1999); *Wilson & Assocs., Attorneys, P.C. v. Parker (In re Parker)*, No. A02-69747-MGD, slip op. at 9 (Bankr. N.D. Ga. Aug. 19, 2005) ("There is nothing in the record of this case to suggest that [the debtor's counsel] was not operating with full authority to settle the matter at hand."); *In re Halko,* 203 B.R. 668, 674 (Bankr. N.D. Ill. 1996) ("The Court inherently relies on the representations of its officers who owe duties to the Court as well as their clients. For it is on the basis of such reliance on such representations that much of the business of the Court is done in resolving the disputes of the various parties.").

The Debtor does not dispute that her counsel was authorized to act for her at all times relevant to these matters. And the record reflects not only her counsel's agreement to the terms of the Consent Order, but also his assessment that having the issues heard in state court would be "no problem" for the Debtor. *See* n.2, *supra.* As the Debtor's counsel, he had the actual authority to bind the Debtor to an agreement made on the record of a hearing.

Moreover, this Court, "as a matter of federal procedure, is entitled to rely on statements made by counsel in open court." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598, 600 (5th Cir. 1996) (the court's ability to rely upon counsel's statements in open court "strikes at the very core of protecting the integrity of the judicial process and the [court's] discretion"). This is particularly so where the parties' agreement on the record was plain and unequivocal, and the Debtor herself was present throughout the hearing and addressed the Court on other matters but did not object to her counsel's stipulation. *See* n.2, n.3, *supra. See, e.g., In re Parker*, No. A02-69747-MGD, slip op. at 9 ("Debtor was not in the dark as to the details . . . Debtor was present when the specific terms of the settlement were announced . . . ."). Under these circumstances, the Debtor's consent, by counsel, cannot be viewed as a "nullity."

16

Nor can it be said that these facts amount to the exceptional circumstances required by Rule 60, or evoke an unjust result.  Courts have found that far more egregious errors by counsel do not amount to grounds for Rule 60(b) relief.  *See, e.g., Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 388-89 (E.D.N.Y. 1998) (attorney's deliberate actions and gross negligence did not constitute extraordinary circumstances under Rule 60(b)(6) where no explanation was offered for the poor performance and the client did not show diligence in litigating the claim).  That is, under these circumstances, even a mistaken consent by the Debtor's counsel is not a basis to reconsider the Consent Order.[4]

The Debtor also argues that the Consent Order works an extreme and undue hardship upon her because allowing the issues arising from Mr. Dresler's occupancy at the 52nd Street Property to proceed in Housing Court will fragment her Chapter 11 estate and make her

---

[4]  The Debtor has not moved under Rule 60(b)(1).  But the application of Rule 60(b)(1) would not change the outcome here.  Rule 60(b)(1) permits relief from judgment for "mistake, inadvertence, surprise, or excusable neglect[.]"  FED. R. CIV. P. 60(b)(1).  The rule allows a court to reconsider its own mistake or that of a party.  *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964).  Courts "have consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload."  *Nemaizer*, 793 F.2d at 62 (internal quotations omitted).  "[A] person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions."  *Id.* Instead, as the Supreme Court has explained, "clients must be held accountable for the acts and omissions of their attorneys."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993).  *See also In re Consol. Freightways Corp. of Del.*, No. 6:02-bk-24284-PC, slip op. at 22-23 (Bankr. C.D. Cal. Nov. 30, 2009) (attorney's "'inattentiveness to litigation'" as a result of personal hardship was not grounds for reconsideration of court order) (quoting *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004)).  "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief."  *Nemaizer*, 793 F.2d at 62.  The party seeking relief must "present the kind of extraordinary circumstance that mandates relief to avoid an extreme and undue hardship."  *Mendell*, 909 F.2d at 731-32 (internal quotations and citations omitted).  Here, the Debtor does not face "extreme and undue hardship" as a result of the Consent Order, nor is it unjust to bind her to the terms to which her own counsel agreed.

vulnerable to her estranged husband Simon Taub, whom she asserts will manipulate the judicial

process to her detriment.

This Court considered these arguments in the Abstention Decision[5] and concluded that

the Debtor's Chapter 11 estate would be better served by allowing the Debtor's claims that are

fundamentally in the nature of claims arising under the Rent Stabilization Law to be decided in

Housing Court.[6]  The determination of these issues by Housing Court, which has particular

expertise in the law and procedures applicable to claims of this nature, does not work an extreme

or undue hardship on the Debtor.  Nor is it extraordinary or manifestly unjust for Housing Court

to hear and determine issues arising from a landlord's relationships with her tenants.  Rather,

having these matters resolved expeditiously by summary proceedings in Housing Court will

benefit the Debtor's Chapter 11 estate.

This result also preserves the finality of this Court's decisions and conserves judicial

resources, which are factors to be considered under both Rules 59(e) and 60(b).  As one court

found:

> Allowing clients to make after-the-fact second guesses would sap the courts'
> decision-making authority and lead to crippling delay.  If courts were unable to

---

[5]  For example, the Court notes in the Abstention Decision the Debtor's argument "that the rental income from the 52nd Street Property is property of the estate and the 'life blood' of her Chapter 11 case.  As such, she states that all of the disputes concerning the rental income should be decided in a single forum – that is, this Court."  Abstention Decision, 2009 WL 3055233, at *5.

[6]  For example, the Court concluded that if it were to "abstain[] from determining the issues in the Complaint and Counterclaims and they are addressed in Housing Court, that court may fix the claims and obligations of the parties, which then may be administered in this Chapter 11 case, as estate property, claims, or administrative expenses . . . ."  Abstention Decision, 2009 WL 3055233, at *7.  The Court ultimately found that "Housing Court is the more appropriate forum for resolving these disputes and that deferring to the Housing Court will help, not harm, the administration of this Chapter 11 estate . . . ."  Abstention Decision, 2009 WL 3055233, at *1.

18

> accept the representations of counsel in open court, every decision informed by such representations would be subject to a second bite where the client could maintain that her attorney was not authorized, if she did not like the result.

*Moore,* 2007 WL 2728657, at *4 n.4.  *See In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d at 614.

Finally, even assuming the high standards for reconsideration of Rule 59 or Rule 60 are met, the outcome would not change, and the issues remitted to Housing Court would remain there for decision, for at least two reasons.

First, upon reconsideration, and in the absence of consent as to the terms of the Consent Order, this Court would nevertheless conclude that the issues addressed by the Consent Order should be determined in Housing Court.  The Consent Order addressed the questions of whether Mr. Dresler or another tenant has the right to occupy the apartment at issue and whether an eviction of a new tenant should take place, as well as the question of whether the Debtor as landlord is liable to Mr. Dresler for compensatory and treble damages under state law.  These issues are plainly within the ambit of issues addressed regularly in Housing Court, and that court has particular expertise in the subject matter, as well as procedures and resources tailored to address these kinds of disputes.  *See* Abstention Decision, 2009 WL 3055233, at *5-6.  That is, upon reconsideration, and in the absence of consent, this Court would reach exactly the same conclusion as to the matters determined by agreement in the Consent Order.

And second, as the parties acknowledged at the hearing on these motions, the issues addressed by the Consent Order are encompassed within the scope of the matters as to which this Court has separately decided to abstain.  As described below, the Court declines the Debtor's invitation to reconsider and reach a different conclusion with respect to the matters addressed in

19

the Abstention Decision.  As a consequence, this Court would also abstain from determining the issues addressed in the Consent Order.

Accordingly, for all of these reasons, and based on the entire record, the Motion to Reconsider Consent Order is denied.

*The Motion to Reconsider Abstention Decision*

The Debtor argues that the Abstention Decision should be reconsidered, and this Court should retain jurisdiction over this adversary proceeding, for several reasons.  She states that common law principles require courts with jurisdiction to exercise that jurisdiction.[7]  She also urges that abstention will hurt, not help, the efficient administration of her Chapter 11 estate, so that she disagrees with this Court's assessment of the first factor of the test set forth in *Cody, Inc. v. County of Orange (In re Cody)*, 281 B.R. 182, 190-91 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003).

The Debtor notes the importance of collecting monthly rents to her bankruptcy estate, and the obstacles that she has encountered in trying to do so during the past several years.  She denies that there is a dispute as to the amount of monthly rent owed by the Defendants, characterizes the Defendants as fraudulent actors and "criminal tenants," repeats her willingness to perform necessary repairs at the Defendants' request, and asserts certain procedural objections.  Motion to Reconsider Abstention Decision at 8.

Mr. Fuchs and Mr. Dresler oppose reconsideration of the Abstention Decision, and ask the Court to review their prior submissions in support of the Abstention Motion and to hear oral argument.

---

[7]  The Debtor made this argument in opposition to the Abstention Motion, and it was addressed in the Court's Abstention Decision.  *See* Abstention Decision, 2009 WL 3055233, at *3.

In the Abstention Decision, this Court concluded that the grounds for permissive abstention – including the interests of justice, comity with state courts, and respect for state law – were met.  The Court analyzed nine relevant factors set forth in *In re Cody* that weigh in favor of abstention, and determined that abstention would assist the efficient administration of the Debtor's estate; that state law issues under the Rent Stabilization Law, a difficult and complex area of state law, predominated over bankruptcy issues; that the specialized and summary process available in Housing Court would benefit the estate by fixing any claims against it promptly; that the Debtor was familiar with Housing Court proceedings, having commenced actions there during the pendency of her Chapter 11 case; that there was no basis for federal jurisdiction other than 28 U.S.C. § 1334; that the action was a core proceeding in form but not in substance; that it was feasible to sever the state law claims from core bankruptcy matters; that some consideration of forum shopping may have influenced the Debtor in bringing this action in bankruptcy court; and that all of the Defendants present in this proceeding are non-debtor parties.  Abstention Decision, 2009 WL 3055233, at *5-9.

The Debtor has not directed the Court to an intervening change in controlling law, the availability of new evidence, a clear error by this Court, or the prospect of manifest injustice.  *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.  She has not identified any controlling authority that this Court overlooked, or factual matters that this Court ignored.[8]  *Banco Cent. del Para.*, 2007 WL 2493684, at *2.  And the Debtor has not identified the kind of extraordinary circumstances that would warrant this unusual relief.  *Pichardo*, 374 F.3d at 55, 56 (extraordinary

---

[8]  During the hearing on the Motion to Reconsider Abstention Decision, the Debtor, by counsel, acknowledged that rather than presenting "new fact[s]," the Debtor sought to show that the same facts that the Court considered in the Abstention Decision had thereafter intensified in degree. Oct. 27, 2009, Hearing Tr. at 22.

circumstances justifying reconsideration were present where an order of deportation was "undermined in light of dramatic changes to governing law . . . ."). *See Int'l Bhd. of Teamsters*, 247 F.3d at 391.

Instead, the Debtor recites aspects of the history of the state court proceedings that involve Simon Taub, and repeats arguments that the Court considered in the Abstention Decision.[9] But "a motion for reconsideration . . . does not provide a forum for the non-prevailing party to reargue issues that the Court has already decided." *Herschaft*, 139 F. Supp. 2d at 285. And although the Debtor disagrees with this Court's conclusion that proceeding in state court will be more expeditious than proceeding in this Court, mere disagreement with the Court's judgment does not constitute, or even approximate, the extraordinary circumstances that Rule 59(e) contemplates. *Herschaft*, 139 F. Supp. 2d at 286 ("[T]hat plaintiff disagrees with the Court's opinion, without more, is not sufficiently extraordinary to merit relief from judgment.").

The Debtor also argues that "the law is not nearly as complex as movants make it out to be," and asserts that she is entitled to judgment as a matter of law against the Defendants. Motion to Reconsider Abstention Decision at 11-12. This argument reflects the Debtor's disagreement with this Court's conclusion that the complex and specialized nature of New York's Rent Stabilization Law weighs in favor of abstention. Abstention Decision, 2009 WL 3055233, at *6.

---

[9] For example, in concluding that it is feasible to allow the state law claims presented by the complaint to be determined by Housing Court, the Court considered the Debtor's argument that "the issues regarding income and expenses are related to and inarguably tied to the estate and this bankruptcy case, and must be maintained in this court." *Compare* Abstention Decision, 2009 WL 3055233, at *9 *with* Motion to Reconsider Abstention Decision at 9. The Court also considered whether "the effect that abstention would have on the efficient administration of the Debtor's estate" is dispositive, and concluded that it was not. *Compare* Abstention Decision, 2009 WL 3055233, at *5 *with* Motion to Reconsider Abstention Decision at 6.

But the Debtor's disagreement with this Court's assessment of the applicable law and procedure does not rise to the level of extraordinary circumstances, clear error, or manifest injustice.  Nor does the Debtor's disagreement persuade the Court that it would be reasonably likely to reach a different conclusion upon reconsideration.  *See In re Enron Corp.,* 352 B.R. at 369  (noting that "an error in legal interpretation does not constitute 'extraordinary circumstances'").  *See Kapsis*, 2009 WL 2950245, at *1 ("Defendants' present application . . . fail[s] to cite any matters or controlling decisions or data that would have influenced the prior decision.  Rather, Defendants simply disagree with the Court's decision . . . .").

Finally, even if this Court did conclude that the Debtor had carried her high burden to show that reconsideration is warranted, the Debtor's arguments and the Court's own assessment of the entire record do not show that a different decision should be reached.  As noted above, the Court's decision to abstain was based on finding that nine of the factors set forth in *In re Cody* weigh in favor of abstention.  Abstention Decision, 2009 WL 3055233, at *5-9.  The Debtor has not established that any of those factors, let alone a preponderance of them, should be weighed differently.  That is, upon reconsideration, this Court would reach the same conclusion, and would abstain from deciding the issues in this adversary proceeding in favor of Housing Court.

In sum, the Debtor's Motion to Reconsider Abstention Decision does not satisfy the exacting standard or burden of proof of Rules 59(e) and 60(b).  And equally important, nothing in the record persuades this Court that, upon reconsideration, it would reach a different conclusion.  The Motion to Reconsider Abstention Decision expresses the Debtor's disagreement with the Court's reasoning and reemphasizes law and facts with which this Court is already familiar.  These facts formed the basis of the Abstention Decision, which continues to reflect the

Court's judgment as to the appropriate disposition of the Abstention Motion, and the appropriate means to resolve the issues presented in this adversary proceeding.

Accordingly, for all of these reasons, and based on the entire record, the Motion to Reconsider Abstention Decision is denied.

## Conclusion

For the reasons stated herein, and based on the entire record, the Motion to Reconsider Consent Order and the Motion to Reconsider Abstention Decision are denied.  An order in conformity with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
      December **_3_**, 2009               _**s/ Elizabeth S. Stong**_
                                    HONORABLE ELIZABETH S. STONG
                                    UNITED STATES BANKRUPTCY JUDGE